CASE 31—PETITION EQUITY—MAY 14.

# Albro v. Robinson.

### APPEAL FROM KENTON CHANCERY COURT.

1. LIABILITY OF EXECUTOR FOR ACTS OF CO-EXECUTOR.—If two execu-
tors execute a joint bond for the faithful discharge of their duties, each
is liable for the acts of the other falling within its conditions. And
while as between themselves each may be regarded as surety for the
other, yet as to their sureties, the creditors and distributees each is
bound for the other as a principal.

   The case of Collins, etc., v. Carlisle's heirs, etc., 7 B. M., 13, in so far
as it holds otherwise, is overruled.

2. COMPENSATION OF EXECUTOR—RIGHT OF SURETY TO SUBROGATION.—
Where an executor is entitled to compensation for his services, co-exec-
utors or sureties who are sought to be made liable for his default, are
entitled to be subrogated to his claim for the purpose of reducing their
liability; and he can not deprive them of that right by electing, after
he becomes insolvent, not to assert the claim.

3. THE COMPENSATION OF EXECUTORS can not exceed 5 per cent. upon the
estate administered. And this is true in this case, although the execu-
tors were required to sell the real estate and invest the share of one of
the devisees in profitable securities and pay to her the profits until
she reached her majority, as they were responsible all the time as exec-
utors, and so denominated themselves in their settlements.

W. H. MACKOY FOR APPELLANT.

1. The lower court erred in refusing to allow anything for the services of
   Vincent Shinkle, and in fixing the compensation of E. D. Albro at the
   sum of only $1,000. The allowance to Shinkle and Albro for their
   services should have been not less than $5,000. (Fleming and wife v.
   Wilson, 6 Bush, 610; Clark and wife v. Anderson, 13 Bush, 120;
   Wood and wife v. Lee, 5 Mon., 65; Belknap v. Belknap, 5 Allen, 468;
   Ten Broeck v. Fidelity Trust and Safety Vault Co., 88 Ky., 242.)
2. The lower court erred in refusing to subrogate E. D. Albro to the claim
   of Vincent Shinkle for commissions for his services, or, what amounts
   to the same thing, in failing to apply the commissions to which Shin-
   kle was entitled as a credit upon any loss occasioned by his acts, to the
   exoneration of Albro and his other sureties. (Belknap v. Belknap, 5
   Allen, 468; Gen, Stats., chap. 39, art. 2, sec. 83.)
3. The lower court erred in that it refused to hold that the appellant, for any

Albro v. Robinson.

loss that the estate may have sustained through Vincent Shinkle, is liable only as a surety for Vincent Shinkle, and jointly with the co-sureties, Henry Ranshaw and Harriett H. Albro. (Moore v. Tandy, 3 Bibb, 97; Lawrence v. Lawrence, Litt. Sel. Cases, 123; Roach v. Hubbard, Litt. Sel. Cases, 238; Smith's heirs v. Hay's Ex'ors, 3 Mon. 95; Moore, &c. v. Waller's heirs, 1 Mar., 488; Collins v. Carlisle's heirs, 7 B. Mon., 13, 15.)

THOMAS McDOUGAL OF COUNSEL ON SAME SIDE.

J. F. AND C. H. FISK FOR APPELLEE HENRY RANSHAW.

1. The demurrer to plaintiff's reply went back to the petition. (Civil Code, sec. 93; Wile v. Sweeney, 2 Duv. 161; Young v. Duhme, 4 Met., 293; Martin v. McDonald, 14 B. M., 544; Mitchell v. Mattingly, 1 Met., 237; Humphrey v. Hughes' Guardian, &c., 79 Ky., 488.)

2. Defaulting executors can not remit or release their commissions to the prejudice of their sureties. (Clarkson v. Commonwealth to use of Smith, 2 J. J. Mar., 19; Belknap v. Belknap, &c., 5 Allen, 468.)

3. The executors are jointly and severally liable as principals upon their bond. (2 Williams on Executors, star pages 1548, 1549, 1550, 1124; Cross v. Smith, 7 Earle, 246; Booth v. Booth, 1 Beav., 125; Lincoln v. Wright, 4 Beav., 427; Smith's heirs v. Hay's heirs, 3 Mon. 88; Lawrence's adm'rs. v. Lawrence's ex'ors, Litt. Sel. Cases, 123; Roach v. Hubbard, Litt. Sel. Cases, 235; Hobbs & Churchill v. Middleton, 1 J. J. Mar., 178; Moore's adm'r. v. Tandy, &c., 3 Bibb, 98; Young v. Wickliffe, 7 Dana, 448; Brandt on Suretyship, secs. 498, 500; Wilson's Guardian v. Unselt's adm'r., 12 Bush, 215; Collin's, &c. v. Carlisle's heirs, 7 B. M., 13.)

4. The surety in the executor's bonds can not be made liable for funds which the executors were holding as managers and trustees, and not as executors. (Shields, &c. v. Smith, &c., 8 Bush, 601.)

5. The judgment in favor of E. D. Albro, surviving executor, against the estate of Vincent Shinkle, is a preferred claim, and must first be paid out of the estate of V. Shinkle. (Schoolfield v. Rudd, 9 B. M., 291; Muldoon, &c. v. Crawford's adm'r, &c., 14 Bush, 133.)

HALLAM & MYERS FOR APPELLEE ROBINSON.

1. Appellant is not entitled to set-off anything on account of compensation for his co-executors services, as it appears that his co-executor never intended to make any claim; and as to his own services after his co-executor's death, the amount allowed is excessive.

2. Where executors execute a joint bond each becomes responsible for the acts of the other. (South v. Hoy, 3 Mon., 95; Slaughter v. Froman, 5 Mon., 20; Anderson, &c. v. Miller, &c., 6 Mar., 591; Collins, &c. v. Carlisle's heirs, 7 B. M. 15; Moore, &c. v. Waller's heirs, 1 Mar , 491.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

Vincent Shinkle and E. D. Albro, as executors of Thomas H. Albro, who died in 1872, executed a joint bond with Uriah Shinkle and Harriet Albro as their sureties. Subsequently, upon the suggestion that Uriah Shinkle had become bankrupt, they executed an additional joint bond, with Henry Ranshaw as their surety.

Vincent Shinkle mainly managed the estate. He advised with his co-executor some, but otherwise took complete control and retained it until his death in the fall of 1885, although in the meantime he had become insolvent.

The appellant, E. D. Albro, claims that for any loss to the estate through his co-executor, Shinkle, he is not liable as a principal, but only as a co-surety with Henry Ranshaw and Harriet Albro. At common law an executor was not liable for the acts of his co-executor as to property over which he had exercised no control. He was, in such a case, not chargeable with the wrong or *devastavit* of his companion, and only liable for the assets which had come to his own hands. Indeed, they were not required to execute bond, but after a while chancery assumed the power to require it in case of insolvency, and now it is required by statute in most of the States of this country.

If two executors execute a joint bond, for the faithful discharge of their duties, as was done in this instance, then, by the import of it, each is liable, in a suit upon it, for the acts of the other falling within its conditions. They are joint obligors, and jointly liable as principals to a surety upon their bond, who may be compelled to answer for a loss through the act of one of them. By the terms of their bond, the form of which is prescribed

by our statute, they are bound to truly administer, satisfy all legacies, so far as the estate will admit, and make proper distribution of all of it. (General Statutes, chapter 39, article 1, section 5.)

Each is bound for the other as a principal as to their sureties, the creditors and distributees. (7 Am. and Eng. Ency. of Law, page 216; Brandt on Suretyship and Guaranty, section 498.)

To hold that one of them is, as to the sureties in the bond, but a surety for the default of his co-executor, and only liable jointly with those who in name and fact signed it as sureties, would contradict its terms and the plain understanding of the parties at the time of its execution.

The bonds in this instance are in the usual and statutory form. They recite who are the principals and who the sureties. By their terms Uriah Shinkle, Harriet Albro and Henry Ranshaw became the sureties of both Vincent Shinkle and E. D. Albro as executors; and to hold that one executor, as to the conduct of the other, occupies the position of a surety only, as to those who are denominated as sureties in the bonds, would not only be contrary to their letter, but the evident spirit in which they were signed.

It is true that the one executor becomes liable for the acts of the other only by virtue of the joint bond, but this liability is as a principal as to the sureties in it and those who are entitled to the estate. The one executor has a right to consult with the other and help control the estate. His position is different from that of a surety in the executorial bond. Assets in the hands of one are assets in the hands of both, by virtue of the joint bond.

It changes their common law relation and makes both principals as to their sureties, simply because it so stipulates; and the case of Collins, &c., v. Carlisle's Heirs, &c., 7 B. M., 13, in so far as it holds otherwise, is overruled. The decree below in this respect was correct.

The chancellor refused, however, to allow anything for the services of Shinkle as executor, and allowed Albro but one thousand dollars for his services.  The administrator of Shinkle, who is a party to the record, is asserting no claim upon the ground that the decedent did not intend to charge for his services, owing to his near relationship to the distributees.  Albro and Ranshaw claim that if they are liable for the default of Shinkle as executor, then they are entitled to be subrogated to whatever he may be entitled to for services by having it applied in satisfaction of the claim for such loss.  If entitled to compensation this would certainly be equitable.  It would be in the direction of doing complete justice, and this is the basis of the doctrine of subrogation.

The appellant claims that five thousand dollars should be allowed for the services of both executors.  This would exceed five per cent. upon the estate administered, which is the limit of compensation to executors under our statute.  It is said, however, that the allowance should not be so confined, because the executors were, under the will, testamentary trustees, being required to sell the real estate and invest the two-thirds, coming to the child of the testator at her majority, in profitable and safe securities, she receiving from them the profits in the meantime.  They, however, acted all the time in the capacity of executors.  As such they made settlements bi-ennially, or nearly so, from the time they qualified

until the death of Shinkle, and the infant distributee became of age about two years thereafter. They were responsible for the estate all the time as executors, and so denominated themselves in their settlements.

The Commissioner to whom the case was referred to audit their accounts, allowed twenty-five hundred dollars for their compensation, or one thousand to Shinkle and fifteen hundred to Albro. This allowance, as a whole, it appears to us, was reasonable and not in excess of the statutory limit. It is evident, however, that Shinkle did the most of the work. The chancellor doubtless refused any allowance for his services upon the ground that he did not expect to charge for them. It is true no allowance for the services of either was made in any of their settlements, and so far as shown no claim was then made for any; but these settlements were partial ones, and no final one was ever made. It is not shown that there was any agreement when the executors qualified, or at the outset, that Shinkle was to act gratuitously. The only evidence upon this point is, that years after, and when he had become insolvent, he said he did not intend to claim any compensation.

This testimony, if competent, does not authorize a rejection of a claim for an allowance for his services by his co-executors and his surety, when they have been made liable for his default and are asking that the amount of it be applied in reduction of that liability. It is insufficient to support a rejection of it. *Prima facie* it should be allowed, and it ought not to be rejected upon such a state of case. Shinkle himself would not have been bound by such a statement, and

much less in an equitable view should it affect those who are now held liable for his default.

The estate was well and profitably managed. The services were valuable, long-continued and judicious, and the chancellor should have allowed, for the entire service of both executors, twenty-five hundred dollars, and applied it upon the balance due from them to the estate. Otherwise his decree was correct, but for this error the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.

The cross-appeal of Robinson and wife, which questions the allowance of one thousand dollars for Albro's services, is dismissed.